Filed 10/23/25  Baldwin v. Championship Mortgage Co. CA2/5
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DENISE BALDWIN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CHAMPIONSHIP MORTGAGE COMPANY et al.,<br><br>Defendants and Respondents. | B336691<br><br>(Los Angeles County Super. Ct. No. BC614258) |

APPEAL from judgments of the Superior Court of Los Angeles County, Lia Martin, Judge.  Reversed and remanded.

Michael S. Traylor for Plaintiff and Appellant.

Holland & Knight, Abraham J. Colman, Stacey H. Wang, and Wendy Qiu for Defendants and Respondents.

The trial court sustained a demurrer and a motion for judgment on the pleadings because it found plaintiff and appellant Denise Baldwin (Baldwin) had not filed a proper declaration to establish she was the successor in interest to foreclosure-related claims held by her mother's estate. We principally consider whether this was error when Baldwin's operative complaint alleged both that she was her mother's successor in interest and that she was appointed the estate's administrator.

## I. BACKGROUND

### A. *Baldwin Files Suit*

In March 2016, Baldwin, representing herself, filed the initial verified complaint in this action. She alleged nine causes of action against Champion Mortgage Company (Champion), including claims for quiet title and violation of the homeowner bill of rights. Baldwin alleged she was "the individual who stands as the 'only' legally recognized title-holder to the Real Property [located on 84th Place in Los Angeles] that is the Subject to this litigation." The complaint attached a deed of trust for the property, which identified the trustor as "Edith Mae Robinson."

Champion did not respond to the complaint, and Baldwin sought and obtained a default judgment against Champion. Defendant and respondent Nationstar Mortgage LLC d/b/a Champion Mortgage Company (Nationstar) later appeared in the action and Baldwin retained counsel. After motion practice, Nationstar succeeded in setting aside the default judgment because it had not been properly served with the summons and complaint.

2

B.    *The Demurrers to the Original and First Amended*
*Complaints*

Now able to defend against the lawsuit, Nationstar demurred to the complaint and argued both that Baldwin lacked standing to sue and that her individual causes of action failed to state claims.

The trial court sustained the demurrer and found Baldwin had not established she was the real party in interest entitled to maintain the lawsuit because she had not filed a declaration complying with Code of Civil Procedure section 377.32,[1] which outlines the requirements for establishing a party is the successor in interest to a decedent.  The court permitted Baldwin to file an amended complaint curing the deficiency.

Baldwin's first amended complaint again alleged she was the "'only' legally recognized title-holder" to the property.  She also filed a declaration asserting she was the plaintiff in the action, Edith Mae Burns (Burns) was her mother; Burns died on February 2, 2015; Baldwin was "her successor in interest and succeed[ed] to her interest in the action";[2] a petition for probate was filed on October 14, 2015; the matter was no longer pending; no other proceeding was pending in California for the administration of Burns's estate; and no other person had a superior right to commence the action or be substituted for Burns.

Nationstar again demurred and maintained Baldwin still lacked standing (Nationstar also argued she had failed to state facts sufficient to constitute her causes of action).  Nationstar argued the declaration Baldwin filed did not meet all the

---

[1]    Undesignated statutory references that follow are to the Code of Civil Procedure.

[2]    In so averring, Baldwin's declaration appeared to treat Edith Mae Burns and Edith Mae Robinson as the same person.

3

requirements of section 377.32. The trial court sustained the demurrer, partly with leave to amend and partly without.

As to the standing issue, the trial court found insufficient compliance with section 377.32. The court found the first amended complaint and accompanying declaration did not adequately explain how Baldwin was the only legally recognized title-holder to the property, did not include allegations establishing Baldwin was the successor in interest to Edith Mae Robinson (the name on the trust deed) and the causes of action in the complaint, did not show how title passed from Edith Mae Robinson to Baldwin, did not explain the relationship between Edith Mae Robinson and Edith Mae Burns, and did not attach a final order of distribution of Edith Mae Robinson's estate. The court acknowledged, however, that Baldwin had filed a notice representing that she obtained an order appointing her as administrator of Edith Mae Burns's estate. The court granted leave to amend to cure the perceived standing defects and stated Baldwin "may file an amended complaint which contains allegations establishing she is the real party in interest, concurrently with a declaration or affidavit in compliance with . . . section 377.32, within 15 days."

On the merits of the demurrer apart from the question of standing, the trial court found the first amended complaint's breach of fiduciary duty, fraud, and declaratory relief causes of action did not state proper claims and denied leave to amend as to those claims. The court indicated the remaining causes of action were sufficient to survive a demurrer if Baldwin properly alleged standing.

C.    *Nationstar's Demurrer to the Operative Second Amended Complaint*

Baldwin filed a second amended complaint alleging seven causes of action against Nationstar including claims for violation of the homeowner bill of rights, for violation of the Fair Debt

4

Collection Act, for predatory lending, and for breach of contract. Importantly, on the issue of standing, the second amended complaint alleged Baldwin is "the daughter and successor-in-interest to Edith Mae Burns" and "has been appointed as the Administrator for Edith Mae Burns f/k/a Edith Mae Robinson . . . who was a borrower who entered into a mortgage for the purchase of the real property" at issue in the litigation. It further alleged Baldwin "was the successor-in-interest to [Burns] and is now-appointed as the Administrator," and "brings this action in such capacities."[3]

Baldwin's second amended complaint asserted it was incorporating by reference a declaration under section 377.32 identified as Exhibit A, and another document referenced as Exhibit B. Despite this, no exhibits were in fact attached.

Nationstar demurred to the second amended complaint, again arguing Baldwin lacked standing and attacking the sufficiency of her allegations to support her causes of action. Nationstar specifically argued Baldwin lacked standing because she had not filed a proper successor in interest declaration under

[3] We reproduce here the first paragraph of the operative complaint that includes these allegations: "Plaintiff was a lawful resident of the County of Los Angeles, State of California and is the daughter and successor-in-interest to Edith Mae Burns and is submitting herewith an appropriate declaration under CCP 377.32 (incorporated herein a[s] Exhibit A). In addition, Plaintiff has been appointed as the Administrator for Edith Mae Burns f/k/a Edith Mae Robinson ('Decedent') who was a borrower who entered into a mortgage for the purchase of the . . . 'Subject Property'[ ] and the administrator in connection with this litigation involving the Subject Property. (See Exhibit B incorporated herein by this reference). The mortgage was secured by a Deed of Trust and Promissory Note on the Subject Property. Plaintiff was the successor-in-interest to the Decedent and is now-appointed as the Administrator. Accordingly, Plaintiff brings this action in such capacities."

5

section 377.32. Nationstar further asserted the records from the probate court did not establish Baldwin was the successor in interest to Burns's claims or was given authority to take possession of her asserts or property. Nationstar did acknowledge Baldwin claimed she had been "appointed as the administrator of Edith Mae Robinson's estate" and brought the action in her capacity as administrator, but Nationstar claimed she lacked "evidence of letters of appointment in the probate case."[4] Nationstar argued there was thus no way of knowing Baldwin's true status as to the loan. Nationstar also argued Baldwin had not alleged sufficient facts to support her causes of action.

Baldwin did not timely oppose the demurrer, but at 12:00 a.m. on the date of the demurrer hearing, Baldwin e-filed an opposition. This opposition asserted the complaint identified Baldwin as the administrator of Burns's estate and successor in interest to the property. Baldwin also asserted letters of administration had issued, but she did not cite any supporting document.

---

[4] Nationstar asked the trial court to judicially notice a slew of documents, including an order appointing Baldwin special administrator of the estate for the purpose of negotiating regarding its real property, which expired in November 2015; letters of administration so appointing her; a petition for letters of administration Baldwin filed in February 2021 asking to be named administrator for the sole purpose of proceeding with this lawsuit; and a July 2021 order appointing Baldwin the personal representative/administrator for Burns. The latter order stated the appointment was not effective until letters of administration issued. The trial court never ruled on Nationstar's request for judicial notice, nor did it reference the proffered documents in its demurrer ruling. Nationstar has not renewed its request for judicial notice of any of the proffered materials in this court.

6

The demurrer hearing, which proceeded on July 25, 2022, was not reported. The court's minute order, however, indicates Baldwin's attorney appeared and argued at the hearing.[5]

The court's written demurrer ruling sustained the demurrer, without leave to amend, solely on standing grounds. The court faulted Baldwin for failing to file a proper section 377.32 declaration, citing several deficiencies: (1) Baldwin had not demonstrated how title passed from Edith Mae Robinson to Baldwin; (2) Baldwin had not explained the "relationship between" Edith Mae Robinson and Edith Mae Burns; (3) Baldwin had not shown she was the successor in interest to the causes of action alleged in the complaint; and (4) Baldwin did not "attach[ ] a final order of distribution of the estate of Edith Mae Robinson." The court accordingly concluded Baldwin had not demonstrated standing to sue (though it did not discuss Baldwin's allegation that she was the administrator for the estate of "Edith Mae Burns f/k/a Edith Mae Robinson").[6]

On the same day the demurrer hearing was held (albeit apparently after the hearing had concluded), Baldwin filed a supplemental and amended declaration pursuant to section 377.32. In the declaration, Baldwin stated Burns died in February 2015, Baldwin was appointed personal representative of the estate in 2021, letters of administration were issued, no other proceeding regarding administration of the estate was

---

[5]     The notice of ruling that the court ordered Baldwin to prepare states the court complained her opposition was filed very late and her attorney apologized for the untimely filing. It also represents Baldwin's attorney informed the court that letters of administration had issued in November 2021 and was under the impression that the letters had been filed with the court.

[6]     The order also notes "[Baldwin] has not filed an opposition"; it appears it was not corrected to note the late-filed opposition before it was finalized. The order does not address the other arguments Nationstar advanced in its demurrer.

7

pending or had been filed, and no efforts had been made to contest or oppose her appointment. Baldwin also asserted she was Burns's successor in interest and no other person had a superior right to commence the action. Baldwin attached a copy of the minute order granting her petition to serve as personal representative, a copy of the letters of administration, and a death certificate establishing Baldwin was Edith Mae Burns's daughter (and Edith Mae Burns's father was named Henry Robinson).

### D. Baldwin's Motion for Relief

Well after the demurrer hearing, Baldwin's attorney, Michael Traylor (Traylor), filed a motion for relief from the order sustaining the demurrer without leave to amend pursuant to section 473, arguing Baldwin was entitled to both mandatory and discretionary relief.

Traylor's accompanying declaration asserted the court's adverse demurrer ruling was attributable to his mistake, inadvertence, and excusable neglect. Traylor declared he had taken on too much work and, as a result, did not properly calendar certain deadlines, including the hearing on the demurrer or the deadline to file an opposition. Traylor realized his oversight on the day of the hearing, and he thereafter quickly filed the notice appointing Baldwin as administrator for Burns's estate and the amended section 377.32 affidavit. Traylor asserted the order sustaining the demurrer was attributable to his failure to timely file the opposition and accompanying documents. Traylor also stated that since the court's ruling, Baldwin had named and served additional Doe defendants, who were related to Champion and represented by the same counsel.

With his declaration, Traylor also lodged a proposed third amended complaint. It alleged Baldwin was acting "in her capacity as successor-in-interest[ ] to her mother Edith Mae Burns . . . and as the administrator for Ms. Burns and her estate

8

as appointed by the Probate Court." It also repeated the second amended complaint's allegation that she had "been appointed as the Administrator for Edith Mae Burns f/k/a Edith Mae Robinson . . . ."

The trial court denied the motion for relief. The court found mandatory relief under section 473 was unavailable because the mandatory relief provisions only applied to defaults and to dismissals that are akin to a default. The court declined to grant discretionary relief for two reasons. First, the court faulted Traylor for not filing an opposition to the demurrer that would have been filed but for his asserted calendaring mistake. Second, the court found Traylor's asserted heavy workload was not excusable neglect because he had multiple opportunities over the past three years to file a compliant declaration. The trial court additionally observed that Traylor appeared at the hearing on the demurrer and was given the opportunity to argue the matter so Baldwin was not deprived of her "'day in court.'"

### E. The Motion for Judgment on the Pleadings

During the course of the demurrer proceedings involving Nationstar, Baldwin had substituted the following parties for Doe defendants: Nationstar Mortgage Holdings, Inc.; Mr. Cooper Group, Inc.; and Mr. Cooper (collectively, the remaining defendants).[7] After the trial court sustained Nationstar's demurrer, the remaining defendants and Champion filed a motion for judgment on the pleadings.

Champion argued it should be dismissed because it was only a d/b/a of Nationstar and the demurrer ruling as to Nationstar effectively applied to Champion. The remaining defendants argued they should be dismissed with prejudice

---

[7] Other entities were also substituted in for Doe defendants in the litigation, but they are no longer parties and are not involved in this appeal.

9

because judicially noticeable property records established the servicer of the loan was Nationstar and they appeared nowhere on the judicially noticeable title or loan documents. The remaining defendants additionally argued, in the alternative, that they were entitled to judgment in their favor for the same reason as Nationstar, i.e., that Baldwin lacked standing to bring the claims in the second amended complaint and her allegations substantively failed to state claims for relief. As to the standing argument, the remaining defendants contended that even though Baldwin argued she was appointed as the personal representative of Robinson's estate and was bringing the action in that capacity, "that legal standing is not in any of her Complaints."

The trial court granted the motion for judgment on the pleadings. The court accepted the argument that the ruling as to Nationstar applied to Champion because Champion was only a d/b/a of Nationstar. As to the remaining defendants, the court found the second amended complaint did not allege any actions taken by Mr. Cooper, Nationstar Mortgage Holdings, and Mr. Cooper Group, Inc. The court stated it had previously sustained Nationstar's demurrer on the ground Baldwin failed to allege standing, and the same finding applied. The court explained it previously gave Baldwin three opportunities to file a declaration that complied with section 377.32 but Baldwin failed to do so, had not shown she was the successor in interest to the causes of action alleged in the complaint, and had not demonstrated standing to sue.

## II. DISCUSSION

The trial court erred. Even assuming, as the court found, that Baldwin never submitted a declaration sufficient to establish her standing as her mother's successor in interest despite several opportunities, she did sufficiently allege she was appointed as the administrator of the estate of "Edith Mae Burns f/k/a Edith Mae

10

Robinson" and thus had standing to maintain the lawsuit as Burns's personal representative. That same conclusion applies to the motion for judgment on the pleadings ruling, and insofar as the court's ruling on that motion also relies on the argument that the operative complaint does not specify any actions the remaining defendants took, the rationale fails because it does not account for the complaint's allegations that could establish vicarious liability. We shall therefore reverse the judgments. On remand, the trial court may decide whether to address the other challenges to the operative complaint it has not addressed or whether to instead permit Baldwin to first file her third amended complaint before entertaining any further challenges to the viability of her claims.

### A. *Standards of Review*

"'Because the function of a demurrer is to test the sufficiency of a pleading as a matter of law, we apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend. [Citation.] We assume the truth of the allegations in the complaint, but do not assume the truth of contentions, deductions, or conclusions of law.'" (*United Talent Agency v. Vigilant Ins. Co.* (2022) 77 Cal.App.5th 821, 829.) "[T]he allegations of the complaint must be read in the light most favorable to the plaintiff and liberally construed with a view to attaining substantial justice among the parties." (*Venice Town Council v. City of L.A.* (1996) 47 Cal.App.4th 1547, 1557.) "'"We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]' [Citation.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

11

"'"The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer: We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein . . . . We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory.'" [Citation.]" (*Tarin v. Lind* (2020) 47 Cal.App.5th 395, 403-404.) "As when ruling on a demurrer, the court is required to consider only allegations contained within the complaint, which are presumed to be true, or facts of which it may take judicial notice. [Citations.]" (*Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 758-759.)

### B. The Trial Court Erred in Sustaining the Demurrer Without Leave to Amend

A decedent's personal representative, including a special administrator of the decedent's estate, may litigate surviving causes of action for the estate's benefit. (See generally Prob. Code, § 58, subd. (a) ["'Personal representative' means executor, administrator, administrator with the will annexed, [and] special administrator."]; id., § 9820.) A "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." (§ 377.11.) A decedent's "successor in interest" may also litigate claims on behalf of the decedent. (§ 377.30 ["A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest"].)

Under section 377.32, before a "decedent's successor in interest" may continue a pending action, he or she must execute and file an affidavit declaring, among other things, that "'[n]o

12

proceeding is now pending in California for administration of the decedent's estate'" and "'[n]o other person has a superior right . . . to be substituted for the decedent in the pending action or proceeding.'"  (§ 377.32, subds. (a)(3), (6).)  If, however, there is a pending administration of the estate and a special administrator has been appointed to act as the decedent's personal representative, section 377.32 does not apply and "the court shall allow [the] pending action or proceeding . . . to be continued by the decedent's personal representative."  (§ 377.31; see also *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 301 ["the principal change made throughout the [legislation adding section 377.10 et seq.] was to authorize the decedent's successor in interest to bring or defend an action when there are no probate proceedings pending and hence no personal representative appointed"].)

The trial court sustained the demurrer because it found Baldwin had not filed a declaration complying with section 377.32.  That, however, is not the end of the matter—as the trial court believed.  The operative complaint also alleges Baldwin "has been appointed as the Administrator for Edith Mae Burns f/k/a Edith Mae Robinson . . . ."  Similarly, while it alleged Baldwin "was the successor-in-interest to the Decedent," it also alleged she "is now-appointed as the Administrator," and "brings this action in such capacities" (plural).   These allegations are sufficient at the demurrer stage to establish Baldwin is the administrator of Burns's (formerly known as Robinson's) estate and has standing to pursue the action as Burns's personal representative—regardless of whether she is also Burns's successor in interest.

Nationstar and the remaining defendants argue otherwise because they believe the "plain language" of the second amended complaint does not allege she was acting as the representative of the Estate and instead alleges she is entitled to judgment on her own behalf as successor in interest.  Baldwin's second amended

13

complaint may not be a model of clarity, but it does sufficiently allege she was suing in both capacities and it is not improper for Baldwin to have pled her status in the alternative.[8]

Nationstar's demurrer also presented other challenges to Baldwin's second amended complaint, but those were not addressed by the trial court, nor have they been briefed by the parties in this court. We therefore need go no further in holding the trial court's demurrer ruling was error that requires reversal.[9]

### C.   The Trial Court Erred in Granting the Motion for Judgment on the Pleadings

The trial court granted Champion's motion for judgment on the pleadings on the ground that Champion was a d/b/a of Nationstar and Nationstar had been dismissed from the action. Since we have reversed the trial court's order sustaining the demurrer as to Nationstar, we similarly reverse the order as to Champion.

In granting the motion for judgment on the pleadings as to Nationstar Mortgage Holdings, Mr. Cooper Group, and Mr. Cooper, the trial court stated it "previously sustained" Nationstar's demurrer to the entire second amended complaint on the ground that Baldwin failed to allege standing and concluded that because the motion sought judgment on the pleadings of the same complaint, the same rationale applied to

---

[8]   In addition, Baldwin filed letters of administration after the hearing on the demurrer and this would support holding it was error to deny further leave to amend even if we were convinced that it was proper to sustain the demurrer to the second amended complaint as pled.

[9]   We also need not address the propriety of the trial court's denial of section 473 relief.

the remaining defendants. That reasoning fails for the reasons we have already given.

The trial court, however, also "agree[d]" with the remaining defendants' contention that the second amended complaint was "devoid of allegations as to actions taken by [the remaining defendants] specifically." It is not clear whether the trial court viewed this as an independent ground on which it granted the motion for judgment on the pleadings and the parties have not briefed the issue on appeal. To the extent the trial court granted the motion on this ground, it was erroneous. Although the second amended complaint does not identify any particular actions taken by the remaining defendants, that is because it levels its allegations equally at all of the defendants and alleges each of them participated in the purported scheme directly or via some vicarious means. The motion for judgment on the pleadings did not grapple with any potential grounds for vicarious liability, and the trial court's ruling did not address them. The remaining defendants may well have arguments that they were not, in fact, involved in any of the alleged activities and cannot be held vicariously liable for them. But those grounds were not raised in the motion for judgment on the pleadings.[10]

---

[10] The remaining defendants' motion for judgment on the pleadings also asserted substantive challenges to the sufficiency of Baldwin's individual causes of action. The trial court did not address these in its ruling and the remaining defendants also have not addressed them on appeal. As with Nationstar, we accordingly need go no further in concluding reversal is required.

15

## DISPOSITION

The judgments are reversed and the cause is remanded for further proceedings consistent with this opinion.  Baldwin is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



HOFFSTADT, P. J.



KIM (D.), J.